**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**STEVLAND OLIVER,**

                       **Plaintiff,**

v.                                                **17-CV-292(LJV)**

**GRADY GREBLESKI,**
**RANDY BROWN,**
**DAVID MENDEZ,**
**SERGEANT MATTHEW SABATINI,**
**AND ERIC NYBECK,**

                       **Defendants.**

---

## REPORT, RECOMMENDATION & ORDER

Plaintiff commenced this action, *pro se*, alleging that while he was in the custody of the Chemung County Jail in December of 2016, Correction Officers denied him access to medical treatment when he passed out several times due to "pauses in [his] heart." Dkt. No. 1. Plaintiff further alleges that the nurse who initially examined him at the Jail erroneously determined that he did not have to be hospitalized. Dkt. No. 1. Plaintiff seeks relief under 42 U.S.C. § 1983. Dkt. No. 1.

Plaintiff commenced this action on April 5, 2017. Dkt. No. 1. Thereafter, Judge Vilardo referred this case to the undersigned to hear and report upon dispositive motions pursuant to 18 U.S.C. § 636(b)(1)(B) and (C). Dkt. No. 12. The undersigned set a Preliminary Pretrial Conference by Order entered on September 5, 2018, and sent a copy of the Order to Plaintiff's address of record, specifically: Stevland Oliver, 17B0567, Hale Creek A.S.A.T.C.A., Box 950, Johnstown, NY 12095-0950. Dkt. No. 13. This Order

specifically advised that "[i]t is the plaintiff's responsibility to keep the Court informed of his/her current address."  Dkt. No. 13, p. 3.  The Order was returned to this Court as undeliverable on September 18, 2018.  Dkt. No. 14.

The Preliminary Pretrial Conference, which was scheduled to be held on October 11, 2018, was cancelled due to Plaintiff's failure to notify the court of his current address.  Dkt. No. 15.  A copy of the Order cancelling the Conference, which was also mailed to plaintiff, was returned as undeliverable on October 17, 2018.  Dkt. No. 16.  On October 30, 2018, Defendants moved to dismiss the case for failure to prosecute.  Dkt. No. 18.  Accordingly, this Court issued an Order on November 2, 2018, directing Plaintiff to show cause in writing, no later than December 5, 2018, why his case should not be dismissed for failure to prosecute.  Dkt. No. 19.  Plaintiff was warned that his failure to comply with the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Dkt. No. 19.  The Order to Show Cause was mailed to Plaintiff at his last-provided address and was returned as undeliverable on November 26, 2018.  Dkt. No. 20.  Plaintiff has not responded to the Order to Show Cause or otherwise contacted this Court to update his address.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b)

The Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted).

Specifically, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Since the beginning of this case, Plaintiff has failed to maintain contact with this Court or to update his contact information.[1] Plaintiff's last filing, a Motion for Leave to

---

[1] Plaintiff's address was updated to Hale Creek on June 12, 2018, at the direction of the *pro se* department, but it does not appear that this was at the behest of Plaintiff as no letter was docketed. The New York State Department of Corrections Inmate Locator confirms that Plaintiff was housed at Hale Creek.

3

Proceed in forma pauperis, was docketed over a year and a half ago on May 22, 2017. Dkt. No. 5. Since then, Plaintiff has not filed a single motion or letter or otherwise appeared in this action. Defendants have attempted to serve Plaintiff at Hale Creek with their Answer, but it was returned by the facility as undeliverable. All other correspondence sent to Plaintiff by Defendants has been returned. A search of the New York State Department of Corrections and Supervision Inmate Lookup Commitment History for Stevland Oliver, 17B0567, was released from Hale Creek in August of 2018. Although it has been five months since his release, Plaintiff has not updated his address and has allowed his legal case to languish. In essence, Plaintiff has "dropped out" of his own case.

As such, this Court has been unable to establish a Case Management Order to allow discovery to proceed or to otherwise adjudicate the merits of Plaintiff's claims. This Court has attempted numerous times in vain to advise Plaintiff of his rights and obligations. Defendants have moved to dismiss the case. The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases. Weighing the history of this case, and Plaintiff's inaction, against the need to expedite cases, this Court finds that it has provided sufficient opportunity for Plaintiff to be heard. Because Plaintiff cannot be reached, any other sanction would be futile. Accordingly, this Court recommends that Plaintiff's case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. No. 18) be GRANTED.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection, and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**January 17, 2019**

<u>*s/ H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**